UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE CORREA,<br><br>            Petitioner,<br><br>        v.<br><br>KELLY RYAN,<br>Superintendent,<br>Massachusetts Correctional<br>Institute - Shirley<br><br>            Respondent. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 15-13700-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

YOUNG, D.J.                                    October 20, 2016

**MEMORANDUM & ORDER**

## I.   INTRODUCTION

George Correa ("Correa") brings this petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254 against Kelly Ryan
("Respondent"), the superintendent of the Massachusetts
Correctional Institute - Shirley.  Correa seeks to vacate a
decision of the Massachusetts Appeals Court affirming his
conviction in the Middlesex County Superior Court for breaking
and entering in the daytime with the intent to commit a felony.
Pet. Under 28 U.S.C. § 2254 Writ Habeas Corpus ("Habeas Pet.")
16, ECF. No. 1.  He argues that there was insufficient evidence

to support the jury's guilty verdict, and that his conviction therefore violates his due process rights.  Id. at 6.

A.    Factual Background[1]

On May 19, 2009, the victim left her ground floor apartment in Newton, Massachusetts, after locking the front door but leaving the back window slightly open, with childproof locks engaged.  Resp't's Suppl. Answer ("S.A.") 00256-58.[2]  Her back windows faced a private patio which was accessible through a door in the apartment.  Id. at 00249-50.  The victim returned to her apartment later that same day.  Id. at 00257-58.  After unlocking the front door, an intruder ran toward her, grabbed her by the shoulders, and said: "Get out of here."  Id. at 00257-60.  She asked who he was, to which the intruder replied:

---

[1] This Court presumes the state court's findings of fact are correct.  See 28 U.S.C. § 2254(e)(1).  Correa can rebut this presumption only by proving "by clear and convincing evidence that they are in error."  Lynch v. Ficco, 438 F.3d 35, 38 (1st Cir. 2006).  This presumption also applies to a state appellate court's factual determinations.  Teti v. Bender, 507 F.3d 50, 58 (1st Cir. 2007).  Both parties' formulations of the factual background rely on the trial transcript.  See Mem. Supp. Pet. Habeas Corpus 2-5, ECF No. 22; Resp't's Opp'n Pet. Habeas Corpus 2-6, ECF No. 25.  To the extent Correa challenges the factual findings under Section 2254(d)(2) of the Antiterrorism and Effective Death Penalty Act, that challenge is discussed infra.

[2] The trial record was filed in paper copy with the Court. Notice Manual Filing, ECF No. 19.  Citations in this opinion to the trial transcript will not include an ECF number and will be made according to the continuous pagination of the hard copy document filed by the Commonwealth.

"Just get out of here."  Id. at 00260-61.  The victim ran out of her apartment yelling and was eventually let into a neighbor's apartment, where she called 911.  Id. at 00261.

The police arrived shortly after.  Id. at 00287-89.  From outside the victim's apartment, a Newton police officer observed indications of a break-in at the back window, including broken locks and a removed screen.  Id. at 00289-90, 00309-10.  Upon entering the apartment, the police observed other signs of a break-in, and the victim noticed several personal and valuable items missing.  Id. at 00292-93, 00262-63.  None of the stolen items were ever recovered.  Id. at 00280, 00332.

After dusting for fingerprints inside and outside the victim's apartment, detectives from the Newton Police Department located two fingerprints on the outside bottom part of the back window whose locks had been snapped off.  Id. at 00311-16.  A police fingerprint analyst received the two fingerprints found on the back window together with the victim's fingerprint card. Id. at 00421.  He determined that one of the two fingerprints was of "good quality."  Id. at 00423.  Later comparison with the victim's fingerprints determined that the window fingerprint was not hers.  Id. at 00424.  The window fingerprint was then compared to a fingerprint card from Correa which the police had

in their records.[3]  Id. at 00454.  Using the analysis,

comparison, evaluation, and verification ("ACE-V") method,

police found that the window fingerprint matched that of

Correa's left thumb.  Id. at 00414-20, 00426-28, 00454.  Two

other fingerprint analysts later verified and confirmed the

positive match.  Id. at 00486-97, 00507-20.

## B.   Procedural History

A Middlesex County grand jury indicted Correa for: (1)

breaking and entering in the daytime with the intent to commit a

felony, Mass. Gen. Laws ch. 266, § 18; (2) larceny from a

building, Mass. Gen. Laws ch. 266, § 20; and (3) assault and

battery, Mass. Gen. Laws ch. 265, § 13A(a).  S.A. 00050-52.

Following a jury trial in the Middlesex County Superior Court,

Correa was found guilty of the first of these offenses on

December 1, 2011.  Id. at 00054-62.  The presiding judge also

found Correa guilty of being a habitual offender under

Massachusetts law.  Id.  Correa was sentenced to a total of ten

years in state prison, from and after a sentence he was already

serving.  Id. at 00006.

---

[3] It is not clear from the record why the police had
Correa's fingerprints.  The judge presiding over the trial
instructed the jury to disregard where the fingerprints came
from since there were many reasons why authorities might have
the record of an individual fingerprint, including applying for
firearm licenses, being licensed physicians and lawyers,
entering the military, etc.  S.A. 00362-63.

Correa appealed his conviction to the Massachusetts Appeals Court ("Appeals Court").  S.A. 00063, 00010.  On March 12, 2014, the Appeals Court affirmed Correa's conviction.  <u>Commonwealth</u> v. <u>Correa</u>, No. 14-P-346, 2015 WL 1443196, at *2 (Mass App. Ct. Apr. 1, 2015).  Correa then sought further appellate review by the Massachusetts Supreme Judicial Court, which was denied. <u>Commonwealth</u> v. <u>Correa</u>, 471 Mass. 1104 (2015).  Having exhausted his state appeals, Correa filed a timely petition for writ of habeas corpus in this Court on October 30, 2015, Habeas Pet., followed by a supporting memorandum on January 29, 2016, Mem. Supp. Pet. Habeas Corpus ("Pet'r's Mem."), ECF No. 22.  The Commonwealth filed a memorandum opposing Correa's habeas petition on August 22, 2016.  Resp't's Opp'n Pet. Habeas Corpus ("Resp't's Opp'n"), ECF No. 25.

## II.  ANALYSIS

Correa argues that his conviction violates his due process rights because the jury was presented with insufficient evidence from which to infer his guilt beyond a reasonable doubt. Pet'r's Mem. 7.  Specifically, Correa argues that the prosecution "failed to present evidence [at trial] establishing the [window] fingerprint was left during the commission of the crime," and "thus, no rational trier of fact could have found the defendant guilty beyond a reasonable doubt."  <u>Id.</u> Respondent maintains that the jury's verdict is supported by

ample evidence and that Correa's conviction ought stand, particularly in light of the legal standards applicable at this juncture.   See Resp't's Mem. 7-16.

## A.   Legal Framework

Petitions for habeas corpus by a person in custody seeking relief from a state court decision are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.   Further, claims based on alleged due process violations arising out of insufficient evidence are governed by Jackson v. Virginia, 443 U.S. 307 (1979).   The Court first sets forth its posture on review under AEDPA then explains the relevant legal standard under Jackson.

### 1.   AEDPA Deference

Under section 2254(d)(1) of AEDPA, a federal court may grant a habeas petition if the state court's decision on the merits of petitioner's claim[4] "(1) 'was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'"   Williams v. Taylor, 529

---

[4] Both Correa and the Commonwealth agree that the Appeals Court adjudicated Correa's claims on the merits.   Pet'r's Mem. 6 and Resp't's Opp'n. 11 n.6.

U.S. 362, 412 (2000) (quoting 28 U.S.C. § 2254).  Alternatively,
relief is proper pursuant to section 2254(d)(2) if a state court
decision "was based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceeding."  Id. at 386 (internal citations omitted).

The parties dispute which of these sections governs here,
with Correa arguing that the Court ought evaluate his petition
through the lens of section 2254(d)(2), see Pet'r's Mem. 11, and
Respondent contending that 2254(d)(1) provides the appropriate
framework, Resp't's Opp'n 7.  As a general matter, sufficiency
claims are evaluated under section 2254(d)(1).  O'Laughlin v.
O'Brien, 568 F.3d 287, 298 (1st Cir. 2009); see also Winfield v.
O'Brien, 775 F.3d 1, 8 (1st Cir. 2014).  While there exists some
uncertainty as to the differences between the two sections,[5]
particularly as applied to sufficiency claims, see O'Laughlin,
568 F.3d at 298 n.14, this Court need not delve into the
intricacies of this doctrinal conundrum.  Even were the Court to
proceed under section 2254(d)(2), as Correa urges, this would

---

[5] Existing caselaw is unclear on the differences between
subsections (d)(1) and (d)(2) of Section § 2254.  See Wood v.
Allen, 558 U.S. 290, 293 (2010) (granting certiorari to "address
the relationship between §§ 2254(d)(2) and (d)(1)," but
ultimately declining to address the issue); Robidoux v. O'Brien,
643 F.3d 334, 338 n.3 (1st Cir. 2011) ("We have previously
declined to delve into the relationship between subsections
(d)(2) and (d)(1), as has the Supreme Court, and again have no
need to do so." (internal citations omitted)).

require evaluating the reasonableness of the state court's factual findings under <u>Jackson</u> v. <u>Virginia</u>, 443 U.S. 307 (1979), which provides the sufficiency standard.[6] Thus, the Court discerns no meaningful difference between the relevant inquiry under section 2254(d)(1) versus section 2254(d)(2) in this case.

The framework set up by section 2254(d) is "highly deferential" to state court decisions. <u>Woodford</u> v. <u>Visciotti</u>, 537 U.S. 19, 24 (2003) (internal quotation marks and citation omitted). The question for this Court is not whether the state court was merely erred, <u>see</u> <u>Williams</u>, 529 U.S. at 412-13, but rather whether its conclusion was "unreasonable," defined as "some increment of incorrectness beyond error" that is "great enough to make the decision unreasonable in the independent objective judgment of the federal court," <u>Norton</u> v. <u>Spencer</u>, 351 F.3d 1, 8 (1st Cir. 2003) (internal quotation marks and citations omitted).

This Court's stance is even more deferential when reviewing a state court ruling upholding a jury verdict. <u>E.g.</u>, <u>O'Laughlin</u>, 568 F.3d at 300. Indeed, sufficiency claims governed by <u>Jackson</u> "are subject to two layers of judicial deference." <u>Coleman</u> v. <u>Johnson</u>, 132 S. Ct. 2060, 2062 (2012).

---

[6] Correa acknowledges as much in his memorandum. <u>See</u> Pet'r's Mem. 6-7.

This is because "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial." Id. (internal quotation marks and citation omitted).  These two layers of deference mean that only the "rare case" falls into "the gap between erroneous state court decisions and unreasonable ones[.]" O'Laughlin, 568 F.3d at 299 (internal quotation marks and citations omitted); see also Brown v. O'Brien, 666 F.3d 818, 824 (1st Cir. 2012); Sivo v. Wall, 644 F.3d 46, 50 (1st Cir. 2011).

### 2.    Jackson Standard

The framework for deciding sufficiency claims is well-known.  Due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof--defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson, 443 U.S. at 316.  The relevant test is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.  This test "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."[7]  Id. at 324 n.16.  "This standard exhibits great

---

[7] Correa was charged with and convicted of breaking and entering a building in the daytime with the intent to commit a

respect for the jury's verdict, but nevertheless does not
insulate such a verdict from reversal if based on evidentiary
interpretations and illations that are unreasonable,
insupportable, or overly speculative." Winfield, 775 F.3d at 7
(internal quotation marks and citations omitted).

### B.  Correa's Sufficiency Claim

Correa argues that the fingerprint evidence on which the
Commonwealth relied in making its case to the jury is
insufficient to support his conviction because the Commonwealth
failed to show that the fingerprint was left during the
commission of the crime.  Pet'r's Mem. 7-11.   Respondent argues
that the Commonwealth put forth sufficient circumstantial

---

felony, in violation of Massachusetts General Laws, chapter 266,
section 18. See supra.  The trial court divided the relevant
statute into four elements in instructing the jury, as follows:

> So the first crime that has been alleged here is
> breaking and entering in the daytime.  And with
> respect to this particular charge, there are four
> elements . . . .  The first element is that the
> defendant broke into a building belonging to another
> person in the daytime.  That's number one, so a break
> into a building by the defendant.
>
> The second element is that the defendant entered the
> building belonging to another; that there was an
> entry, so a break and an entry.  And the third element
> that . . . the defendant broke and entered with an
> intent to commit a felony inside that building.  And
> the fourth element is that the defendant committed
> these acts during the daytime.

S.A. 00594.

evidence for the jury to infer Correa's guilt beyond a reasonable doubt.   Resp't's Mem. 14-16.

In deciding Correa's appeal, the Appeals Court correctly pointed out that a defendant's fingerprints found at the crime scene alone are not sufficient circumstantial evidence to warrant a finding of guilty beyond a reasonable doubt by a rational factfinder.   Correa, 2015 WL 1443196, at *1; see also Commonwealth v. Fazzino, 27 Mass. App. Ct. 485, 487-88 (1989). To meet its burden of persuasion, the prosecution must also "reasonably exclude the hypothesis that the fingerprints were impressed at a time other than when the crimes was being committed."   Correa, 2015 WL 1443196, at *1 (citing Fazzino, 27 Mass. App. Ct. at 487); see also Commonwealth v. Ye, 52 Mass. App. Ct. 390, 393 (2001); Hall v. DiPaolo, 72 F.3d 243, 245 (1st Cir. 1996).

The Appeals Court highlighted four pieces of circumstantial evidence that support the prosecution's position: (1) the placement of the fingerprint; (2) the damage done to the window; (3) the isolation of the victim's patio; and (4) Correa's lack of authorization from the victim to enter her property.   Correa, 2015 WL 1443196, at *1 (internal citation omitted).[8]   The Appeals

---

[8] Specifically, the Appeals Court made the following observations about the relevant evidence:

Court reasoned that these four factors, taken together, were sufficient for a rational trier to exclude the hypothesis that Correa's fingerprint on the victim's window was impressed at a time other than during the commission of the crime.  Id.

Viewed in the light most favorable to the Commonwealth, see Jackson, 443 U.S. at 319, with the added layer of deference called for under AEDPA, see Coleman, 132 S. Ct. at 2062, the Appeals Court's findings are neither an unreasonable application of Jackson under section 2254(d)(1) nor an unreasonable determination of the facts under section 2254(d)(2).  As Respondent points out, the courts of the Commonwealth have, on several instances, upheld convictions based on fingerprint evidence coupled with other circumstantial evidence similar to

---

Based on testimony regarding the placement of the fingerprint, the damage to the window, and the isolation of the patio, the jury were permitted to infer that the defendant cut the screen and passed the threshold of the screen in order to touch the window on the date of the crime.  The police recovered one latent fingerprint matching the defendant's on the exterior wooden frame of a screened window in the complainant's apartment . . . .

The window was also isolated by the complainant's private patio and the apartment building's surroundings.  The window is located at the rear of the apartment building, enclosed by a four to five foot tall railing in the complainant's private patio and faces a secluded wooded area.  Finally, the defendant was not permitted to enter the home.

Correa, 2015 WL 1443196, at *1 (internal citation omitted).

[12]

the evidence offered in this case.  Resp't's Mem. 14 (listing
cases).  The cases Correa points to from outside this Circuit,
Pet'r's Mem. 8, represent further examples.  Although Correa
contends that these cases are distinguishable, see id., he fails
adequately to explain how.  That certain evidence was not
present in this case, see id. at 9 (noting that the victim did
not identify Correa and that none of the victim's property was
recovered from Correa), does not undermine the sufficiency of
the evidence that was offered to the jury, so long as that
evidence was "enough that all reasonable doubts be excluded."
O'Laughlin, 568 F.3d at 301.

Here, the evidence was sufficient for the Appeals Court
reasonably to conclude that a jury plausibly could infer
Correa's guilt beyond a reasonable doubt.  The fingerprint
offered as evidence of Correa's guilt was found on the bottom
exterior of the same window which the victim had left open
before leaving her apartment, and which later had the locks
snapped off of it.  See Correa, 2015 WL 1443196, at *1.  A jury
might have found the damage to that window to be probative of
guilt, insofar as it suggested the intruder entered through the
window.  Further, the relative isolation of the victim's patio,
in conjunction with the other evidence, might have led a jury
reasonably to infer that the fingerprint was left during the
commission of the crime and not at some earlier time.

In sum, there was enough evidence such that the Appeals Court's conclusion is not "objectively unreasonable," <u>Winfield</u>, 775 F.3d at 8, and thus this Court cannot grant the relief Correa seeks.

## III. CONCLUSION

For the foregoing reasons, Correa's petition for habeas corpus, ECF No. 1, is DENIED.

**SO ORDERED.**

WILLIAM G. YOUNG
DISTRICT JUDGE